# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5526-18

STATE OF NEW JERSEY,

  Plaintiff-Respondent,

v.

WILLIAM F. DYKEMAN,

  Defendant-Appellant.

_____

> Submitted March 9, 2021 – Decided March 29, 2021
>
> Before Judges Yannotti and Haas.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 03-05-0435.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant William F. Dykeman appeals from the June 28, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate herein the facts set forth in our opinion on defendant's direct appeal of his convictions and sentence. State v. Dykeman ("Dykeman I"), No. A-0445-05 (App. Div. Mar. 4, 2009), certif. denied, 199 N.J. 542 (2009). The following facts are pertinent to the present appeal.

Defendant was charged in a seventeen-count indictment with various offenses against four separate women. (slip op. at 1). Following a multi-day trial, the jury convicted defendant of ten of these charges, including three counts of second-degree sexual assault, three counts of third-degree criminal restraint, two counts of terroristic threats, and two counts of unlawful possession of a weapon. Ibid. The jury acquitted defendant of the remaining seven charges. Ibid. The trial judge imposed an aggregate sentence of thirty-one years in prison, subject to twenty seven years of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. Ibid.

Defendant appealed his convictions and sentence. Id. at 2. We affirmed defendant's convictions, but remanded the matter for resentencing under State v. Natale, 184 N.J. 458 (2005). On remand, the trial judge reimposed the

original sentence.  Defendant filed an appeal, and we affirmed the sentence. State v. Dykeman ("Dykeman II"), No. A-6044-08 (App. Div. Feb. 7, 2012), certif. denied, 212 N.J. 462 (2012).

While defendant was pursuing his sentencing appeal, he filed a petition for PCR, which the trial court held until the completion of the appeal.  State v. Dykeman ("Dykeman III"), No. A-3566-14 (App. Div. Mar. 23, 2017).  After that process was completed, "[t]he trial judge denied defendant's petition in a written decision without conducting oral argument."  (slip op. at 4).  Defendant filed an appeal from that decision and we reversed and remanded the matter to the trial court "for oral argument on the petition and a new decision on the merits."  Id. at 8.

On remand, defendant raised a number of arguments in support of his petition. With specific reference to the present appeal, defendant alleged he was denied the effective assistance of counsel because:  (1) his appellate attorney failed to argue that he had been deprived of his right to counsel of his choice; (2) his trial attorney conducted an inadequate investigation and did not communicate with him during the trial; (3) his trial attorney failed to call "key witnesses" to testify on his behalf; and (4) his trial and appellate attorneys

neglected to argue that the prosecutor made improper comments during summation.

Following oral argument, Judge William A. Daniel considered and rejected each of these contentions. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

In a thorough oral opinion, Judge Daniel first reviewed defendant's claim that he was denied his right to counsel of his choice at his trial and his appellate attorney should have raised this allegation in his direct appeal. Defendant's assertion was based upon the following facts.

Defendant's trial was scheduled to begin on May 3, 2004, but it was adjourned until June 14 so that a DNA analysis could be performed. On May 24, defendant's attorney filed a motion to be relieved as defendant's counsel. In response, defendant told the trial judge that he was prepared to retain substitute counsel and the motion was carried until May 27. On that date, defendant appeared in court with an attorney, who had not yet agreed to represent him. The attorney asked that the matter be adjourned until September. The judge denied this informal request, but adjourned the trial until July 7 to give defendant

ample time to retain a new attorney if he still wanted to do so. Defendant failed to engage a different counsel and his original attorney represented him at the trial.

Based upon these facts, Judge Daniel found no grounds for concluding that defendant's appellate attorney was ineffective because she did not raise this issue on direct appeal. Contrary to defendant's claim, the trial judge granted defendant's request for an adjournment, which provided him with over forty days to engage a new attorney. He did not. Therefore, appellate counsel's performance was not deficient.

Judge Daniel next rejected defendant's argument that his trial attorney did not adequately prepare or present his case. Defendant argued that following the trial, his attorney was convicted of theft from a client in another matter and disbarred. He also alleged that the attorney was drinking "heavily" during the evenings and had told a colleague he was "not performing to the best of his ability" during the trial.

However, after reviewing the entire trial record "in the light most favorable to" defendant, Judge Daniel found that regardless of what may have been happening in the attorney's life outside the courtroom, he provided adequate legal assistance to defendant during the lengthy trial. The judge noted

5

A-5526-18

that the attorney filed "numerous motions with the court," including a motion to dismiss the indictment, a motion for severance, and a Wade[1] motion. In addition, defendant's counsel "delivered an effective opening statement," "effectively cross-examined many of the State's witnesses," and "was able to impeach" the testimony of the State's DNA expert, the victims, and a security guard. At the close of the case, the attorney filed a motion for judgment of acquittal and "[h]is summation was pointedly effective."

Judge Daniel found that as the result of the attorney's advocacy on behalf of defendant, the jury acquitted defendant of seven counts, including multiple first-degree kidnapping charges. Thus, the judge ruled that defendant failed to meet either prong of the Strickland test on this point.

Turning to defendant's third argument, the judge concluded that defendant's trial counsel was not ineffective for failing to call two witnesses who he identified during the trial. As set forth in Dykeman I, the charges in this case "stem[med] from a series of sexual assaults that took place in the industrial section of Elizabeth between September 2001 and July 2002." (slip op. at 4). During that time period, four women alleged they were sexually assaulted by a man who drove a white SUV with out-of-state license plates. Ibid. Prior to the

---

[1] United States v. Wade, 388 U.S. 218 (1967).

6

trial, defendant claimed that he consensual sex with one of the women, and denied any contact with the other three victims. Ibid.

All four of the victims testified at trial and identified defendant as the man who had assaulted them. Defendant then changed his story and testified that all four victims were prostitutes that he engaged for consensual sex. Id. at 9. Therefore, the identity of the victims' alleged assailant was no longer an issue.

According to defendant, one of his witnesses would have testified that she saw a woman she thought might be one of the victims willingly get into a white SUV. However, the witness was not sure whether this occurred on the date the victim was assaulted. In addition, the witness obtained some of her information from a third party, who was not available to testify. The other witness asserted that during the summer of 2002, the police asked her to falsely claim that she had been sexually assaulted by a man in a white SUV.

After reviewing their proposed testimony, Judge Daniel determined that defense counsel was not ineffective because he decided not to call these two individuals at trial. The testimony of the first witness was vague and based upon hearsay. The claim made by the second witness was rendered irrelevant when defendant changed course and admitted to having sexual contact with each of the victims. The judge also observed that given the strong evidence of

7

defendant's guilt, including the testimony of the four victims and the DNA evidence, the failure to present this testimony would not have affected the outcome or prejudiced defendant.

In his petition, defendant argued that his trial counsel should have objected to several comments the prosecutor made during his closing statement and that, on appeal, his appellate attorney should have argued that these comments were improper. During summation, the prosecutor twice referred to defendant as a "monster" and once as a "predator." In discussing the testimony of one of the victims, the prosecutor also stated:

> [The victim] said to the police they couldn't calm her down. You heard the testimony. You heard them all testify and we know it as the truth because you heard -- I would describe it as soulful and the things she said, the things were disclosed to you, you know, that is the real person. You know, that is absolute truth. You don't need anything more than her telling you that he did this to me . . . .

Defendant argued that the first three remarks were inappropriate "epithets," while the statement about the victim's testimony was an improper attempt to vouch for the witness' credibility. Because his trial counsel did not object to these comments and his appellate attorney did not raise this issue on appeal, defendant claims he was denied his right to the effective assistance of counsel.

8

Judge Daniel disagreed. He found that the prosecutor's remarks were fleeting rather than egregious. Thus, even if counsel had objected, the result of the trial would have been the same. Therefore, there was also no compelling reason for appellate counsel to raise this issue on appeal.

Because defendant failed to establish a prima facie case of ineffective assistance of counsel on any of his claims, Judge Daniel determined that an evidentiary hearing was not required. This appeal followed.

On appeal, defendant raises the same arguments that he unsuccessfully presented to the PCR judge. Defendant contends:

> POINT I
>
> DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO PURSUE DEFENDANT'S [sic] BEING DEPRIVED OF HIS RIGHT TO SECURE HIS CHOICE OF COUNSEL; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSEL'S INEFFECTIVENESS.
>
> POINT II
>
> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO HAVE KEY WITNESSES TESTIFY.

POINT III

DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO PURSUE THE PROSECUTOR'S UNDULY PREJUDICIAL AND CUMULATIVE COMMENTS, WHICH EMPLOYED EPITHETS TO DEMEAN DEFENDANT, BOLSTERED THE CREDIBILITY OF THE ALLEGED VICTIMS, AND INJECTED HIS PERSONAL BELIEF REGARDING DEFENDANT'S GUILT; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS.

POINT IV

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS REGARDING INADEQUATE INVESTIGATION AND INADEQUATE CONSULTATION.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A-5526-18

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific

errors of counsel undermined the reliability" of the proceeding. <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984).

Moreover, such acts or omissions of counsel must amount to more than mere tactical strategy. <u>Strickland</u>, 466 U.S. at 689. As the Supreme Court observed in <u>Strickland</u>,

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.
>
> [<u>Strickland</u>, 466 U.S. at 689 (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).]

When a defendant claims that trial counsel inadequately investigated his case, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." <u>Porter</u>, 216 N.J. at 353 (quoting <u>Cummings</u>, 321 N.J. Super. at 170). In addition, deciding which witnesses to call to the stand is "an art," and we must be "highly deferential" to

such choices. <u>State v. Arthur</u>, 184 N.J. 307, 321 (2005) (quoting <u>Strickland</u>, 466 U.S. at 689).

Contrary to defendant's contention, an appellate attorney is not ineffective for failing to raise every issue imaginable. <u>State v. Gaither</u>, 396 N.J. Super. 508, 515 (App. Div. 2007). Instead, appellate counsel is afforded the discretion to construct and present what the attorney deems are the most effective arguments in support of the client's position. <u>Ibid.</u>

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Daniel's comprehensive oral opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that the both the trial attorney's and the appellate attorney's performances were not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5526-18